UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MELISSA DIANE RODRIGUEZ-SENUM, | Civil No. 21-2280 (JRT/LIB) |
| Plaintiff, | |
| v. | ORDER |
| STEPHEN RAY SENUM, PENNINGTON COUNTY OFFICER'S, DOUG WILLIAMS, CHUCK LINDGREN, DUSTY ARLT, MICHAEL ROFF, JOSH PUTZKE, ALEXANDER HEN-NINGSEN, CHIEF WITTENBERG, and SHER-RIFF KRUZINA, | |
| Defendants. | |

Melissa Diane Rodriguez-Senum, P.O. Box 95, Middle River, MN 56737, *pro se* plaintiff.

This case comes before the Court on Plaintiff Melissa Diane Rodriguez-Senum's (1) Amended Complaint (Feb. 4, 2022, Docket No. 7); (2) Application to Proceed in District Court Without Prepaying Fees or Costs (Oct. 14, 2021, Docket No. 2 ("IFP Application")); and (3) memorandum to the Court (Feb. 4, 2021, Docket No. 6 ("Extension Request")). For the following reasons, the Court dismisses the Amended Complaint without prejudice and denies the IFP Application and Extension Request as moot.

Rodriguez-Senum began this action on October 14, 2021, by filing her original Complaint. (*See* Compl. 1, Oct. 14, 2021, Docket No. 1.) On January 4, 2022, the Court issued an order determining that the Complaint was frivolous because it "[did] not provide any

detail about what any individual Defendants did (or failed to do)" that created liability to Rodriguez-Senum.  (Order 5, Jan. 4, 2022, Docket No. 5 ("January 2022 Order").)

The January 2022 Order thus gave Rodriguez-Senum a chance to amend her complaint. (*See id.* at 5–6.)  The Court warned, however, that the new pleading would have to meet several requirements.  (*See id.* at 5.)  Of particular note, the Court required that the amended pleading "include a complete and coherent description of the historical facts on which Rodriguez-Senum's lawsuit is based."  (*Id.* at 5.)  Furthermore, the amended pleading was to "clearly *(word missing here)* each defendant that Rodriguez-Senum intends to sue, describe what he or she or it did (or failed to do) that was unlawful, and explain how his or her or its action (or inaction) violated Rodriguez-Senum's rights or applicable law."  (*Id.*)  And "to the extent that Rodriguez-Senum claims that individual people violated her federal constitutional rights, the amended complaint must also indicate the capacity in which Rodriguez-Senum intends to sue each of those people (i.e., his or her individual capacity, official capacity, or both)."  (*Id.*)

The Court received the Amended Complaint on February 4, 2022.  (*See* Am. Compl. 1.)  The Amended Complaint itself is five pages long, but does not present any substantive allegations about particular Defendants' conduct.  (*See id.* at 1–5.)  Instead, as the Court understands it, the Amended Complaint asks the Court to look to various other "complaints" attached to the Amended Complaint.  (*See id.*; *see also* Docket Nos. 7-1 to 7-5 (comprising additional material); *cf.* Docket Nos. 8 to 8-1 (seemingly providing more

material).)  These complaints, exhibits, and materials consist of about 70 pages; in each case, the "complaint" is not a standard pleading, but more of a memorandum purportedly listing facts about historical incidents.  (*See, e.g.*, Docket No. 7-1 at 1, Docket No. 7-2 at 1, Docket No. 7-3 at 1–3, Docket No. 7-5 at 1–2; *cf.* Docket No. 8 at 1–2 (comprising additional memorandum).)

Accompanying the Amended Complaint was the Extension Request.  (*See* Extension Req. 1.)  As the Court understands this document, Rodriguez-Senum asks for additional time to secure audio files from her phone that will help her present the case.  (*See* Extension Req. 1.)

The Court will address the Amended Complaint first.  On its face, the Amended Complaint is not a "complete and coherent description" of the facts underlying Rodriguez-Senum's lawsuit, nor does it clearly describe what conduct by each Defendant is purportedly unlawful.[1]  Indeed, it appears that Rodriguez-Senum has submitted a deck of materials in the hope that this Court will sift through it to help her determine potential claims and/or allegations against the various Defendants.  While the Court acknowledges Rodriguez-Senum's frustration with various events, the Court cannot perform this task.  As the Court has specifically explained to Rodriguez-Senum before (*see* Jan. 2022 Order 3 n.4), it is her job—not the Court's—to craft her complaint.  The Court will not sift through the

---

[1] The Court also notes that the Amended Complaint, while still claiming that Defendants violated Rodriguez-Senum's constitutional rights, still does not identify the capacity in which she means to sue the individual Defendants.

Amended Complaint's subcomplaints and exhibits to find relevant allegations or suggest possible causes of action.  *See, e.g.*, *Smith v. Hennepin Cty. Fam. Ct.*, No. 19-CV-3100 (DSD/BRT), 2020 WL 1930555, at *1 n.2 (D. Minn. Mar. 24, 2020) (declining to look through exhibits "to determine what causes of action might apply to various Defendants" (citing cases)), *report and recommendation adopted*, 2020 WL 1923219 (D. Minn. Apr. 21, 2020); *Murrin v. Avidigm Capital Grp., Inc.*, No. 07-CV-1295 (PJS/RLE), 2008 WL 11463468, at *10 (D. Minn. Sept. 5, 2008) (declining to look through documents to find "evidence that might establish a prima facie case" for certain claims (citing cases)).

This Court's earlier order stated that if Rodriguez-Senum's amended complaint did not comply with the Court's directions, "the Court will likely dismiss" the action under Federal Rules of Civil Procedure 8 and/or 41(b).  (*See* Jan. 2022 Order 5–6.)  As a result, the Court will now dismiss this action.[2]  To be clear: this dismissal is without prejudice— in other words, Rodriguez-Senum is free to try to pursue her claims in another lawsuit, if and when she drafts a complaint that reflects the requirements facing federal-court plaintiffs.

---

[2] The Court acknowledges that Rodriguez-Senum is bringing this action *pro se*.  As the Court noted in the January 2022 Order, however, "[c]ourts should liberally construe pleadings submitted by pro se litigants, holding them to a less-stringent standard than courts apply to formal pleadings drafted by lawyers.  *But courts still demand that pro se litigants comply with applicable substantive or procedural law*."  (Jan. 2022 Order 4 (emphasis added; citations omitted).)

4

Given this court's decision to dismiss this action, the Court will also deny as moot the IFP Application and the Extension Request.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. This action is **DISMISSED** without prejudice under Federal Rules of Civil Procedure 8 and 41(b).

2. Plaintiff Melissa Diane Rodriguez-Senum's Application to Proceed in District Court Without Prepaying Fees or Costs (Docket No. 2) and memorandum to the Court (Docket No. 6)—the latter construed as a request for an extension of time—are **DENIED** as moot.

Dated: April 1, 2022  
at Minneapolis, Minnesota.

_____  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court